# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **BEVERLY BLANK Individually and on behalf of the Estate of Larry Blank, Matthew Blank, Mike Blank and Kelli Blank,** § § § § §<br>  Plaintiffs, § §<br>v. § § §<br>**JLG INDUSTRIES, INC.,** §<br>  Defendant. | Civil Action No. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW PLAINTIFFS, and file this Original Complaint, and for their causes of action would respectfully show the Court as follows:

**1.00  PARTIES**

1.01  Plaintiff Beverly Blank is the surviving spouse of the deceased Larry Blank, and is a citizen of and residing in Florida.

1.02  Plaintiff Matthew Blank is the surviving son of the deceased, Larry Blank, and is a citizen of and residing in Florida.

1.03  Plaintiff Mike Blank is the surviving son of the deceased, Larry Blank, and is a citizen of and residing in New Mexico.

1.04  Plaintiff Kelli Blank is the surviving daughter of the deceased, Larry Blank, and is a citizen of and residing in Florida.

1.05   Defendant JLG Industries, Inc. ("JLG") is a corporation formed under the laws of the State of Pennsylvania, with its principal place of business in McConnellsburg, Pennsylvania. JLG did business in the State of Texas.  In particular, JLG sold and distributed Skytrak telehandlers, among other products, throughout the State of Texas and the litigation arises out of the use of one of those Skytrak telehandlers. These acts of JLG constitute "doing business" in the State of Texas, thereby establishing personal jurisdiction under §17.041 (as defined by §17.042) of the Texas Civil Practice & Remedies Code.  JLG Defendant may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

**2.00   JURISDICTION AND VENUE**

2.01   The amount in controversy, exclusive of interest and costs, is above the minimum jurisdictional limits of this Court.

2.02   Jurisdiction is proper in this Court as there is complete diversity of citizenship between the parties as provided by 28 U.S.C. § 1332(a).

2.03   Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391 as the incident happened in Henderson County, Texas which is in the Tyler Division.

**3.00   FACTS**

3.01   On September 10, 2022, Mr. Larry Blank was putting gas into a United Rentals 6279-0034J powered industrial telehandler, Skytrak Model 6036 Telehandler,

(hereinafter "telehandler") when he reached across the telehandler to put the gas cap back on the tank.

3.02   Mr. Blank's body pushed against the joystick of the boom, which lowered the boom, crushing Mr. Blank between the bottom of the boom and the truck.

3.03   Mr. Blank's injuries were fatal.

4.00   CAUSES OF ACTION AGAINST JLG INDUSTRIES, INC.

4.01   **Strict Liability against JLG**

4.02   JLG, by and through its employees, agents, and representatives and vice principals, are the designers, manufacturers, distributors, promoters, and/or sellers of the product in question.

4.03   At the time the product in question was left the control of defendant, it was a defectively designed product, unreasonably dangerous to potential customers and/or users in that it had an unguarded pinch point between the boom and the decking of the crane that allowed users to be exposed to a potentially deadly hazard. There were safer alternative designs that could and should have been incorporated to reduce or eliminate the hazard of the pinch point, including, but not limited to, a wall between the operator and the pinch point which would guard against the user from being exposed to the pinch point, or an interlock device that would prevent the boom from moving without the operator in the seat. Such safer alternative designs were available to JLG that, in reasonable probability (1) would have prevented or significantly reduced Plaintiffs' damages without substantially impairing the product's utility; and (2) was economically

and technologically feasible by the application of existing or reasonably achievable scientific knowledge at the time the product left the control of the Defendant.

4.04   In addition, the telehandler was defectively marketed in that it failed to provide any warnings or instructions that would have reduced the risk of the pinch point hazard.   There were no warnings regarding the pinch point hazard, or instructions that would have instructed the operator how to avoid the pinch point hazard.

4.05   The telehandler in question was in substantially the same defective condition on September 10, 2022 as it was when Defendant placed it into the stream of commerce.

4.06   The telehandler was defective and unsafe for its intended purposes at the time it left control of JLG because the defective condition of the telehandler and/or the failure of the Defendant to warn of this condition rendered the telehandler unreasonably dangerous and was the producing cause of Plaintiffs' injuries.

**4.07   NEGLIGENCE**

4.08   At all times relevant to this cause of action, JLG, acting by and through its employees, agents, and/or vice principals, had a duty to act reasonably and prudently in the design, manufacture, promotion, and/or distribution of the telehandler and other telehandlers similar to it.

4.09   Defendant breached its duty, by and among other acts and/or omissions, designing, manufacturing, distributing, and promoting a telehandler with an unguarded pinch point, by failing to adequately test and/or inspect the design and manufacture of the

telehandler and by failing to warn users of its products of the known dangers to a user of this and similar telehandlers.

4.10     The above-referenced acts and/or omissions, each individually and collectively, were proximate causes of the injuries to Plaintiffs.

**5.00   GROSS NEGLIGENCE**

5.01     The above-referenced acts and/or omissions, when viewed objectively from the standpoint of JLG at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others, and were of such a nature that JLG had, or should have had, a subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including but not limited to the Plaintiffs.  As such, Plaintiffs are entitled to recover exemplary/punitive damages as allowed by law for this conduct.

**6.00   DAMAGES**

6.01     As a proximate result of the above-described acts and/or omissions on the part of the Defendants, themselves, by and through its vice principals, agents, employees, and representatives, Plaintiffs have sustained damages as a result of the wrongful death of Larry Blank as follows:

    A.     Past and future Pecuniary Loss.

    B.     Past and future Loss of Companionship and Society.

    C.     Past and future Mental Anguish.

6.02  As a proximate result of the above-described acts and/or omissions on the part of the Defendants, jointly and severally, by and through their vice principals, agents, employees, and representatives, Plaintiffs have sustained damages as follows:

A.  Pain and Mental anguish suffered by Larry Blank.

B.  Funeral and Burial Expenses.

6.03  The amount of damages incurred by the Plaintiffs is well above the minimum jurisdictional limits of this Court.

**7.00  JURY DEMAND**

7.01  Plaintiffs respectfully request a trial by jury.

**8.00  PRAYER**

8.01  WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited to appear and answer these allegations and that upon final hearing of this matter, Plaintiffs have judgment of and from the Defendants as follows:

A.  For all past and future damages;

B.  For punitive damages;

C.  For all costs of court allowed by the Texas Rules of Civil Procedure and/or deemed appropriate by the Court;

D.  For pre-judgment and post-judgment interest at the applicable legal rate; and

E.  For such other and further relief, both general and special, at law and equity to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICE OF J. GREGORY MARKS**

/s/ J. Gregory Marks
**J. GREGORY MARKS**
Texas Bar No. 12994900
901 Main Street, Ste. 3670
Dallas, Texas 75202
Telephone: (214) 427-4417
Facsimile:  (214) 427-4417
gmarks@jgmarkslaw.com

And

*/s/ Keith Purdue*
Keith C. Purdue
SBN 24058060
kpurdue@injuryrelief.com
E. Michael Grossman
SBN 08544500
mgrossman@injuryrelief.com
GROSSMAN LAW OFFICE, P.C.
5440 Harvest Hill Road, Suite 200
Dallas, Texas 75230
P: (214) 220-9191 | F: (214) 220-9127

**ATTORNEYS FOR PLAINTIFFS**